[684 NYS2d 542]

In the Matter of DANIEL A. KRASNICK, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 2, 1999

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the Bar at the First Judicial

Department in 1993, and maintained an office for the practice of law within this Department during periods relevant to this proceeding.

On April 21, 1998, this Court suspended respondent from practice, pursuant to 22 NYCRR 603.4 (e) (1). The suspension was based on uncontested evidence of professional misconduct, including a multicount felony indictment in Suffolk County for grand larceny, perjury and offering a false instrument for filing, *inter alia*, and numerous sanctions imposed against him on a separate matter in both Supreme Court, Westchester County, and the Appellate Division, Second Department (241 AD2d 258).

In receiving the petition that sought the interim suspension imposed last April, respondent was placed on notice that failure to appear or apply for a lifting of the suspension within six months could result in his disbarment without further notice (22 NYCRR 603.4 [g]). Nevertheless, respondent has ignored every phase of these disciplinary proceedings.

Petitioner advises this Court that respondent has jumped bail on the felony charges, and that a bench warrant is currently outstanding for his arrest in Suffolk County. Respondent is believed to have absconded overseas, and is the subject of a search by Interpol at the behest of Federal authorities. Petitioner is informed that the Suffolk County District Attorney intends to press a felony charge of bail jumping upon respondent's return to the jurisdiction.

Even absent a final disposition on the criminal charges pending against respondent, his failure to appear in the instant matter leaves a record of uncontested professional misconduct that threatens the public interest, and now warrants his disbarment. Having been placed on notice of the consequences of such failure, he is now subject to disbarment without further notice (*Matter of Flanagan*, 211 AD2d 75).

Accordingly, the instant motion seeking to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name should be stricken from the roll of attorneys authorized to practice law in this State.

ELLERIN, J. P., WILLIAMS, WALLACH, MAZZARELLI and AN-DRIAS, JJ., concur.

Motion granted, and respondent disbarred from the practice

of law in the State of New York, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.